UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Target Corporation,

       Plaintiff,

v.                                                                                          Civil No. 12-1912 (JNE/JJK)
                                                                                    ORDER

LCH Pavement Consultants, LLC;
United Paving Company, a division
of Superior Paving Co., Inc.;
American Pavement Solutions Inc.;
Asphalt Maintenance Inc.; Rose
Paving Company; Leslie J. Bailey;
Keith Heutzenroeder; Sabas Trujillo;
Timothy Helstad; James Stinson;
Lois Wade; and Alan Rose,

       Defendants.

       This case is before the Court on Target Corporation's objections to an Order issued by the Honorable Jeffrey J. Keyes, United States Magistrate Judge, on August 9, 2013, as well as Target's request dated August 23, 2013, for permission to file a motion to reconsider the Court's Order dated June 7, 2013. For the reasons set forth below, the Court overrules Target's objections, affirms the August 9 Order, and denies Target's request for permission to file a motion to reconsider.

### *Target's objections to August 9 Order*

       The Pretrial Scheduling Order set December 31, 2012, as the deadline to file and serve motions to amend the pleadings. On that day, Target moved for leave to file a Second Amended Complaint. To the extent Target sought leave to plead punitive damages, the magistrate judge denied its motion without prejudice and set September 30, 2013, as the deadline to file and serve a motion for leave to seek punitive damages. The magistrate judge otherwise granted Target's motion to amend. Target filed a Second Amended Complaint in early February 2013. Several

1

defendants moved to dismiss certain counts of the Second Amended Complaint. The Court ruled on the motions in early June 2013. Approximately four weeks later, Target moved for leave to file a Third Amended Complaint.

In its motion and supporting memorandum, Target relied on Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Several defendants opposed Target's motion, noting, among other things, that the "good cause" standard of Fed. R. Civ. P. 16(b) applied and that Target had not satisfied the standard. At the hearing before the magistrate judge, Target maintained its assertion that Rule 15 governed.[1]

In the August 9 Order, the magistrate judge stated that "Rule 16 applies to Target's motion with respect to its request to add claims or causes of action to its pleading"; that "Target has not given the Court a good reason to disturb the deadlines established by the Scheduling Order and as narrowly amended by the Court's February 5, 2013 Minute Order"; that "Target has made no argument as to good cause whatsoever"; that "Target's motion to amend to add any substantive claims is denied because Target has not met its burden"; and that, "even if this Court goes digging, looking for good cause to support Target's motion," Target's arguments were insufficient. The Court has reviewed the record. Based on that review, the Court overrules Target's objections and affirms the August 9 Order because the Order is neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a). The "good cause" standard of Rule 16

---

[1] At the hearing before the magistrate judge, Target argued:

> Now, I'd like to touch briefly -- if the Court is interested in the Rule 15, Rule 16 question, I'd like to touch briefly on that. We believe that the motion is more appropriately decided under Rule 15, because the last time we were here arguing about an amendment, you said that we had until September 30th to seek leave to amend for a claim for punitive damages.

2

applied to Target's motion.[2] *See, e.g.*, *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 977 (8th Cir. 2013). For the reasons stated in the August 9 Order, Target failed to satisfy Rule 16's "good cause" requirement. Its objections do not persuade the Court otherwise.

### *Target's request for permission to file a motion to reconsider*

Target requested permission to file a motion to reconsider the Court's dismissal of Target's fraud and antitrust claims in June 2013. "Except with the court's prior permission, a party must not file a motion to reconsider. A party must show compelling circumstances to obtain such permission." D. Minn. LR 7.1(j). Target has not demonstrated compelling circumstances that would warrant permission to file a motion to reconsider. The Court denies Target's request.

### *Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Target's objections to the August 9 Order [Docket No. 258] are OVERRULED. The August 9 Order [Docket No. 236] is AFFIRMED.

2. Target's request for permission to file a motion to reconsider [Docket No. 260] is DENIED.

Dated: October 30, 2013

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge

---

[2] Target apparently conceded the point. In its objections, it argued that it had good cause for leave to amend. *Cf. Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("The district court properly refused to consider Ridenour's argument that longer statute of limitations periods applied to his claims because this argument was not presented first to the magistrate judge.").