UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Target Corporation,

       Plaintiff,

v.

LCH Pavement Consultants, LLC, United
Paving Company, American Pavement
Solutions Inc., Asphalt Maintenance Inc.,
Leslie J. Bailey, Lois Wade, and Keith
Heutzenroeder,

       Defendants.

Civil No. 12-1912 (JNE/JJK)
ORDER

John H. Hinderaker, James J. Harnett, IV, and Michelle E. Weinberg, Faegre Baker Daniels LLP, appeared for Target Corporation.

Paul C. Dworak and Timothy R. Schupp, Gaskins, Bennett, Birrell, Schupp, LLP, appeared for American Pavement Solutions Inc.

Lucas J. Thompson, Thompson Hall Santi Cerny & Dooley, appeared for Leslie J. Bailey and Lois Wade.

In its Third Amended Complaint, Target Corporation asserted claims against a consultant—LCH Pavement Consultants, LLC—for breach of contract and fraud, against paving contractors—United Paving Company, American Pavement Solutions Inc., and Asphalt Maintenance Inc.—for breach of contract, and against individuals associated with LCH—Leslie J. Bailey, Lois Wade, and Keith Heutzenroeder—for fraud. American Pavement Solutions asserted a counterclaim for breach of contract. The case is before the Court on American Pavement Solutions' Motion for Summary Judgment as to its

Counterclaim and Bailey's and Wade's Motion for Summary Judgment. For the reasons set forth below, the Court denies the motions.

Target operates more than 1700 stores in the United States. Its stores have parking lots that require maintenance and repair. For the past few years, Target used consultants to advise it on the maintenance and repair of the parking lots and to manage the repairs. In 2009, Target retained LCH as a consultant and assigned to LCH the responsibility of assessing the need for repairs of parking lots at most of Target's stores and managing the repairs.

American Pavement Solutions worked on the parking lots of several Target stores. LCH managed the work at some of the stores. Another consultant, Larson Engineering, Inc., managed the work at the others.

In May 2011, Target began an investigation of its paving projects. As a result of its investigation, Target terminated its relationship with LCH, American Pavements Solutions, and other paving contractors in May 2012.

Target brought this action in August 2012. It alleged that LCH, American Pavement Solutions, and other paving contractors had rigged bids and charged for work that was not performed.

American Pavement Solutions was working at two Target stores when Target terminated their relationship. Larson Engineering managed the paving repairs at the two stores. Target's claims against American Pavement Solutions are not based on American Pavement Solutions' work at the two stores where Larson Engineering managed the

2

repairs. In its counterclaim, American Pavement Solutions claimed that Target had failed to pay for the work performed at the two Target stores.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must view genuinely disputed facts in the light most favorable to the nonmovant, *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009), and draw all justifiable inferences from the evidence in the nonmovant's favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

*American Pavement Solutions' motion*

American Pavement Solutions moved for summary judgment on its counterclaim for breach of contract. According to American Pavement Solutions, it is undisputed that Target and American Pavement Solutions entered into contracts for the repair of parking lots at two Target stores, that American Pavements Solutions had performed the majority of the work under the contracts when Target terminated their relationship, and that Target failed to pay for the work performed. Target opposed the motion on the grounds that it

did not breach a contract and that genuine issues of material fact about the amount of damages claimed by American Pavement Solutions exist.

Target argued that it did not breach its contracts with American Pavement Solutions because Target properly exercised its setoff rights. The rights appear in a Supplier Qualification Agreement for Services (SQA) that Target and American Pavement Solutions executed. The SQA provides that it "applies to and is incorporated into all agreements relating to the purchase of Services from Supplier [American Pavement Solutions] by Target"; that the "SQA together with the applicable Program Agreement, Order or other document or communication sent by Target to Supplier relating to the Services is referred to collectively as the Agreement"; that "Target may terminate the SQA, a Program Agreement, an Order or any combination of these agreement documents immediately on written notice to Supplier if Supplier, in Target's sole reasonable opinion, fails to perform or otherwise breaches any provision of the SQA, a Program Agreement or an Order"; and that Target "may set off any damages Target incurs arising from" a Supplier's breach of any of its obligations under the Agreement "against and from any amounts due to Supplier." According to Target, American Pavement Solutions breached its contract with Target by failing to perform a substantial amount of work for which it was paid on parking lots of Target stores where LCH managed the work. Target claimed damages that exceed the amount of damages claimed by American Pavement Solutions. Viewing the record in the light most favorable to Target, the Court concludes a reasonable factfinder could find that Target did not breach

its contracts with American Pavement Solutions because Target properly exercised its setoff rights.  The Court denies American Pavement Solutions' motion.

*Bailey's and Wade's motion*

Bailey and Wade argued that summary judgment on Target's fraud claim against them is appropriate because Target failed to identify misrepresentations made by them. Bailey and Wade also argued that, to the extent Target identified any false statements made by them, the statements do not support a fraud claim because Bailey and Wade made them in the course of a contractual relationship.  Target opposed the motion on the grounds that Bailey and Wade, who own LCH, are personally liable for LCH's fraud; that adverse inferences should be drawn against Bailey and Wade because they invoked the Fifth Amendment and refused to answer questions at their depositions; and that Bailey and Wade made numerous misrepresentations to Target.

"Minnesota law holds agents liable for their own fraudulent representation." *Sullivan v. Ouimet*, 377 N.W.2d 24, 27 (Minn. Ct. App. 1985); *see Morgan v. Eaton's Dude Ranch*, 239 N.W.2d 761, 762 (Minn. 1976) ("It is settled that a corporate officer is not liable for the torts of the corporation's employees unless he participated in, directed, or was negligent in failing to learn of and prevent the tort." (footnotes omitted)); *Ellingson v. World Amusement Serv. Ass'n*, 222 N.W. 335, 339 (Minn. 1928) ("It is the universal rule that an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor . . . .").  Bailey and Wade own 49% and 51%, respectively, of LCH.  Wade is LCH's president, and the company claims to have had no employees.  There is evidence that Bailey and Wade participated in the fraud that

5

LCH allegedly committed on Target. Asked about the alleged fraud by LCH, which did not move for summary judgment on Target's fraud claim against it, and their roles in it, Bailey and Wade repeatedly invoked the Fifth Amendment at their depositions. Viewing the record in the light most favorable to Target, *see Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *SEC v. Brown*, 658 F.3d 858, 863 (8th Cir. 2011) ("The Fifth Amendment permits an adverse inference when the privilege against self-incrimination is claimed by a party in a civil case."), the Court concludes a reasonable factfinder could find that Bailey and Wade defrauded Target. The Court denies Bailey's and Wade's motion.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. American Pavement Solutions' Motion for Summary Judgment as to its Counterclaim [Docket No. 326] is DENIED.

2. Bailey's and Wade's Motion for Summary Judgment [Docket No. 331] is DENIED.

Dated: May 23, 2014

    s/Joan N. Ericksen
    JOAN N. ERICKSEN
    United States District Judge